UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MEDIACOM COMMUNICATIONS CORPORATION, | ) ) ) | Civil Action No. |
| Plaintiff, | ) ) | **COMPLAINT** |
| v. | ) ) | **DEMAND FOR JURY TRIAL** |
| EVERYWHERE WIRELESS, LLC and MC PARTNERS, LLC | ) ) | |
| Defendants. | ) ) ) | |

Plaintiff, Mediacom Communications Corporation ("Mediacom"), through its counsel, Dentons US LLP, for its Complaint against Defendants, Everywhere Wireless, LLC ("EW") and MC Partners, LLC, ("MC Partners") alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for breach of contract, counterfeiting, service mark infringement, false advertising, false designation of origin, false representation of fact, unfair competition, passing off and related claims under federal and Illinois State law resulting from Defendants' use of the designation GigabitX in connection with the provision of Internet access services to residences and businesses. As further explained below, this is the second time Mediacom was forced to file suit against EW to protect its trademark rights.

2. Mediacom's claims arise under the United States Trademark Act (Lanham Act of 1946), 15 U.S.C. § 1051 *et seq.*, and Illinois statutory and common law. As a result of Defendants' acts complained of herein, Mediacom seeks preliminary and permanent injunctive relief and the

recovery of actual damages, Defendants' profits, treble damages, statutory damages, costs, attorneys' fees and other relief as more fully set forth herein.

**PARTIES, JURISDICTION AND VENUE**

3. Mediacom is a Delaware corporation having its principal place of business at One Mediacom Way, Mediacom Park, New York 10918.

4. Upon information and belief, EW is an Illinois limited liability company with offices at 420 N May St., Chicago, IL 60642.

5. Upon information and belief, EW is and/or has been transacting business within this Judicial District directly and/or through one or more agents and affiliates.

6. Upon information and belief, MC Partners is a private equity firm with an address at 53 State Street, Suite 2602, Boston, MA 02109-0000, that acquired an ownership interest in EW in or about July, 2021. On July 14, 2021, in regard to its investment in EW, MC Partners issued a press release stating: "The investment in Everywhere Wireless is an exciting partnership with one of the fastest growing and highest rated Internet providers in the country. We are thrilled to collaborate with the Everywhere Wireless team and accelerate their efforts to establish the preeminent residential and commercial broadband provider in the region."

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, and 1367(a), and the principals of supplemental jurisdiction.

8. Upon information and belief, this Court has personal jurisdiction over Defendants pursuant to Illinois 735 ILCS § 5/2-209.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c).

**MEDIACOM'S BUSINESS AND OWNERSHIP OF THE GIGABIT+ MARK**

10. Mediacom is one of the nation's largest cable television companies, serving more than 1,500 communities across 22 states, including in Illinois. Through its interactive broadband network, Mediacom provides customers with a wide variety of advanced products and services, including, residential and commercial Internet, streaming, video-on-demand, high-definition television, phone and related services.

11. Since long prior to the acts complained of herein, Mediacom has prominently used the stylized mark **Gigabit+** (the mark "GIGABIT+") in the United States in connection with its promotion and offering of Internet access services. A copy of marketing material distributed by Mediacom's showing use of the mark GIGABIT+ to advertise Internet access services is attached hereto as Exhibit A. As shown in Exhibit A, Mediacom uses its GIGABIT+ mark in the colors white, green, teal and blue; "GIGABIT" appears in white and the "+" symbol appears in green, teal and blue.

12. In recognition of its rights in the mark GIGABIT +, the U.S. Patent & Trademark Office issued Mediacom the following service mark registration:

| Reg. No. | Mark | Goods/Services |
|---|---|---|
| 4737828 | **Gigabit+** | Telecommunication services, namely, internet access services. |

13. The above-referenced service mark registration is owned by Mediacom, is valid, subsisting and in full force and effect, and is registered on the Principal Register. A copy of this registration is attached hereto as Exhibit B. Further, the registration has become incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065.

14. Trademark Reg. No. 4737828 does not include a color claim, so it affords Mediacom the exclusive right to use - and prevent others from using - the GIGABIT+ mark and any marks confusingly similar thereto in any color scheme.

15. Substantial amounts of time, effort, and money have been expended over the years to ensure that the public associates the stylized mark GIGABIT+ exclusively with Mediacom when used in connection with Internet access services.

16. The stylized mark GIGABIT+ is distinctive and serves to uniquely identify services provided by Mediacom.

17. As a result of the time, effort and money invested in its business, and its continuous and substantial use of the mark GIGABIT+, the mark GIGABIT+ has become an asset of incalculable value to Mediacom.

**MEDIACOM'S PREVIOUS SUIT AND SETTLEMENT AGREEMENT**

18. Mediacom previously filed an action in this same Court on November 18, 2020, as 1:20-cv-6842, naming EW as the sole defendant , asserting claims for counterfeiting, trademark infringement and related acts regarding EW's unauthorized use of the designations ![Gigabit+] and ![Gigabit Plus] in connection with providing Internet access services across the Chicago Metropolitan area (the "Previous Suit").

19. Prior to filing the Previous Suit, Mediacom had informed EW of its rights in and to the mark GIGABIT+ by letter dated August 31, 2020. A copy of Mediacom's August 31, 2020 correspondence is attached hereto as Exhibit C.

20. In response to Mediacom's correspondence, EW modified its designation from  .

4

21. By letter dated October 6, 2020 and email dated October 29, 2020, Mediacom informed EW that the modified designation adopted by EW infringed upon Mediacom's federally registered GIGABIT+ mark and that, unless EW promptly discontinued all use of the designation, Mediacom would be forced to take legal action in order to protect its mark and avoid confusion in the marketplace. A copy of Mediacom's October 6, 2020 and October 29, 2020 correspondence is attached hereto as Exhibit D. Given EW's continued use of the complained of designation despite Mediacom's objection, Mediacom commenced the Previous Suit on November 18, 2020.

22. At EW's request, Mediacom agreed not to serve the summons and complaint upon EW in the Previous Suit pending the parties' settlement discussions, and in early March, 2021, Mediacom and EW reached a settlement agreement ("Agreement"), which was signed on behalf of Mediacom on March 1, 2021 and on behalf of EW on March 3, 2021.

23. The Agreement constituted a valid contract between Mediacom and EW.

24. As a term of settlement, EW broadly agreed not to use colorable imitations of EW's original designations. Paragraph 2 of the Agreement states, in part: "*EW agrees to (a) take all reasonable measures to discontinue all use of the EW Mark in any manner whatsoever, including in connection with its website and other promotional, marketing and advertising materials, all media, vehicles, equipment, signage, etc., and to destroy all materials of whatever kind within its custody or control that make use of the EW Mark, with such actions to be taken by EW within forty five (45) days of the Effective Date hereof (hereinafter the "Phase-Out Period"), and (b) EW will take all commercially reasonable measures to assure that __EW will make no further use of the EW Mark, any colorable imitations thereof, or any other name or mark confusingly similar to Mediacom's GIGABIT + Mark__ beyond the Phase-Out Period. EW must provide written notice*

5

*to Mediacom under oath confirming that it complied with its obligations under this Paragraph 2 within fifteen (15) days of the end of the Phase-Out Period.*" (emphasis added).

25. Paragraph 3 of the Agreement states, in part: "*Notwithstanding the foregoing, Mediacom agrees that EW will have an additional period beyond the end of the Phase-Out Period, namely, until June 15, 2021, to take all commercially reasonable affirmative steps necessary to have all bus bench signs bearing the EW Mark removed and/or destroyed. EW must provide written notice to Mediacom under oath confirming that it complied with its obligations under Paragraph 3 hereof not later than June 30, 2021 (the "Final Notice Date").*"

26. Paragraph 7 of the Agreement requires EW to make a payment to Mediacom as a measure of damage caused by EW in the event EW breaches this Agreement and fails to cure same within fourteen calendar days of receipt of written notice from Mediacom alleging such breach.

27. On March 29, 2021, EW sent Mediacom a sworn statement declaring that EW discontinued using the GIGABIT+ mark in compliance with the Agreement. By email dated April 13, EW confirmed that the March 29, 2021 sworn statement applied to EW's obligations under Paragraph 2 of the Agreement. A copy of the referenced documents are attached as Exhibit E.

28. In view of the parties' Agreement, and EW's March 29, 2021 sworn statement, Mediacom withdrew the Previous Suit by filing a Notice of Voluntary Dismissal Without Prejudice on April 16, 2021.

29. On May 24, 2021, EW sent Mediacom a further sworn statement pursuant to the Agreement, leading Mediacom to believe the matter was fully resolved. A copy of the May 24, 2021 statement from EW is attached as Exhibit F.

**DEFENDANTS' WRONGFUL ACTIONS**

30. Despite the sworn statements provided by EW that it was in compliance with the Agreement, EW has failed to comply with the Agreement and continues to infringe upon Mediacom's GIGABIT+ mark through its use of the designation **GigabitX** ("Revised Designation"). A printout from EW's website showing use of the infringing designation is attached hereto as Exhibit G.

31. The Revised Designation is a mirror image of EW's prior designations (using the identical font and same colors as before) except that it contains an "X" in place for the "+" symbol or the term "plus".

32. The Revised Declaration is a colorable imitation of EW's prior designations, **Gigabit+** and **Gigabit Plus**.

33. Beginning in July 2021, Mediacom wrote EW numerous times objecting to EW's use of the Revised Designation.

34. By letter dated July 8, 2021, in reference to the Revised Designation, Mediacom advised EW: *"Moreover, the color in which EW displays the letter "x" is practically indistinguishable from the color in which Mediacom has long displayed the "+" symbol in its mark, as shown in the attached materials.... Accordingly, Mediacom insists that EW promptly revise the GIGABITX designation by adopting a font and color scheme that is clearly distinct from that which EW had previously used as well from that utilized by Mediacom and covered by Mediacom's registered mark."* A copy of Mediacom's July 8, 2021 correspondence to EW is attached hereto as Exhibit H. Mediacom wrote EW numerous times thereafter seeking EW's compliance with the terms of the Agreement.

35. On August 20, 2021, in response to multiple emails from Mediacom requesting that EW modify the format of the Revised Designation, Keegan J. Bonebrake, CEO of EW, sent an email to Mediacom's counsel stating: *"Working on it. No need for daily follow-ups."*

36. On August 27, 2021, Mediacom's counsel was contacted by Ryan Carr, a partner of MC Partners, and informed that MC Partners had acquired an ownership interest in EW. Mediacom thereafter engaged in discussions and correspondence with MC Partners and its counsel in an effort to resolve the dispute.

37. By letter dated October 19, 2021, Ryan Carr, as Director of EW, advised Mediacom that EW would not comply with Mediacom's requests to discontinue using the font and color scheme of the Revised Designation. To date, EW continues to use the Revised Designation in violation of both the Agreement and Mediacom's trademark rights.

38. EW failed to cure its breach of the Agreement in a timely manner and has failed to make the payment to Mediacom required under Paragraph 7 of the Agreement.

39. EW's failure to comply with the Agreement and to cease its use of the Revised Designation has left Mediacom with no choice but to pursue litigation once again.

40. MC Partners has acted as a moving and active force behind EW's continued breach of the Agreement and use of the Revised Designation.

41. Upon information and belief, Defendants' foregoing acts have been willful, wanton, and in bad faith, and with the intent to misrepresent the source of Defendants' services and to trade off of the reputation and goodwill of Mediacom.

42. Upon information and belief, EW had actual knowledge of Mediacom's prior rights in the mark GIGABIT+, including ownership of the above-referenced federal trademark registration, prior to EW's adoption of the aforementioned designations. At a minimum,

Defendants had constructive notice of Mediacom's rights in and to the mark GIGABIT+ pursuant to Section 22 of the Lanham Act, 15 U.S.C. § 1072, since the date on which Reg. No. 4737828 issued.

43. Defendants' aforementioned acts are likely to deceive, mislead and confuse the relevant public as to the source or sponsorship of Defendants' services.

44. As a proximate result of Defendants' acts, as alleged herein, Mediacom has suffered and will continue to suffer great damage to its business, goodwill, reputation and profits, while Defendants profit at Mediacom's expense. Mediacom has no adequate remedy at law for Defendants' acts, as alleged herein. Unless Defendants are temporarily, preliminarily and permanently enjoined by this Court, Mediacom will continue to suffer irreparable harm.

## **COUNT I**

### **(Counterfeiting - 15 U.S.C. § 1114(1))**

45. Mediacom realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 44 hereof as if fully set forth herein.

46. Defendants use a counterfeit or spurious designation that is substantially indistinguishable from Mediacom's federally registered mark GIGABIT+ in connection with the sale, offering for sale, distribution and/or advertising of internet access services, which use is likely to cause confusion, or to cause mistake, or to deceive.

47. Defendants' actions constitute counterfeiting in violation of 15 U.S.C. § 1114(1).

48. Upon information and belief, Defendants' aforementioned acts have been willful, wanton, and in bad faith, and with the intent to misrepresent the source of EW's services and to trade off of the reputation and goodwill of Mediacom. This is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## COUNT II

### (Infringement of Registered Mark - 15 U.S.C. § 1114(1))

49. Mediacom repeats and realleges each and every allegation set forth in paragraphs 1 through 48 hereof as if fully set forth herein.

50. Defendants' conduct constitutes willful infringement of Mediacom's mark GIGABIT+ in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

## COUNT III

### (Service Mark Infringement, False Advertising, False Designation of Origin, False Representation of Fact, Unfair Competition and Passing Off - 15 U.S.C. § 1125(a))

51. Mediacom repeats and realleges each and every allegation set forth in paragraphs 1 through 50 hereof as if fully set forth herein.

52. Defendants' conduct constitutes willful infringement, false advertising, unfair competition, false designation of origin, false representation and passing off in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT IV

### (Service Mark Infringement and Unfair Competition – Illinois Common Law)

53. Mediacom repeats and realleges each and every allegation set forth in paragraphs 1 through 52 hereof as if fully set forth herein.

54. Defendants' conduct constitutes willful infringement and unfair competition in violation of Illinois common law.

## COUNT V

### (Deceptive Trade Practices – Illinois Statutory Law - 815 ILCS §§ 510/1 et seq.)

55. Mediacom repeats and realleges each and every allegation set forth in paragraphs 1 through 54 hereof as if fully set forth herein.

56. Defendants' conduct constitutes deceptive trade practices in violation of the Illinois Deceptive Trade Practices Act, 815 ILCS 510/1 et seq.

## COUNT VI

### (Unfair Competition and Deceptive Trade Practices – 815 ILCS §§ 505/1 et seq.)

57. Mediacom repeats and realleges each and every allegation set forth in paragraphs 1 through 56 hereof as if fully set forth herein.

58. Defendants' conduct constitutes unfair competition and deceptive trade practices in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq.

## COUNT VII

### (Breach of Contract)

59. Mediacom repeats and realleges each and every allegation set forth in paragraphs 1 through 58 hereof as if fully set forth herein.

60. Mediacom and EW entered into the Agreement, which is a valid contract.

61. Mediacom has performed its contractual obligations under the Agreement.

62. Defendants have failed to comply with the terms of the Agreement as described above.

63. Defendants' failure to comply with the Agreement has resulted in significant damages to Mediacom.

## PRAYER FOR RELIEF

WHEREFORE, Mediacom prays that this Court:

1. Preliminarily and permanently enjoin and restrain Defendants, their agents, servants, employees, attorneys, successors or assigns, and all persons or entities acting in concert or in participation with any of them from (i) offering, rendering, and/or promoting in the United

States any Internet or other telecommunications services in connection with the designations **GigabitX**, **Gigabit+** and **Gigabit Plus** or any counterfeit, copy or other designation that is confusing similar thereto; (ii) using or making any other false designation of origin or false description or representation or doing any other thing calculated or likely to cause confusion or mistake in the mind of the public or to deceive the public into believing that Defendants' business and services are in any way associated or affiliated with or related to Mediacom; and (iii) using any name, mark or designation or doing any other thing likely to cause injury to Mediacom's business reputation;

      2.      Award Mediacom statutory damages of $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, pursuant to 15 U.S.C. § 1117(c);

      3.      Award Mediacom three times Defendants' profits or three times Mediacom's damages sustained as a result of Defendants' infringement of Mediacom's mark and acts of passing off, false designation of origin and false or misleading representation of fact, whichever is greater, pursuant to 15 U.S.C. §§ 1117(a) and (b);

      4.      Award Mediacom its reasonable attorneys' fees, taxable costs and disbursements, pursuant to 15 U.S.C. § 1117(a);

      5.      Order Defendants, pursuant to 15 U.S.C. § 1118, to deliver up for destruction all products, labels, signs, prints, packages, wrappers, receptacles, articles, advertisements and promotional materials in their possession bearing the designations **GigabitX**, **Gigabit+** and **Gigabit Plus**, any variant thereof and/or any name or mark confusingly similar thereto, and all plates, molds, matrices, and other means of making the same;

6. Direct Defendants to file with the Court and serve on counsel for Mediacom, within thirty days after entry of any injunction issued by the Court in this action, a sworn written statement as provided in 15 U.S.C. § 1116;

7. Direct Defendants to comply with the terms of the Agreement and to make any payments to Mediacom required thereunder; and

8. Award Mediacom such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38 on all issues so triable.

DENTONS US LLP

Dated: November 19, 2021

By: */s/ Jacqueline A. Giannini*

Jacqueline A. Giannini
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606
Phone: (312) 876-2395
jacqui.giannini@dentons.com

Robert M. Wasnofski, Jr.
(*pro hac vice* application to be filed)
1221 Avenue of the Americas
New York, NY 10020
Phone: (212) 768-6748
robert.wasnofski@dentons.com

13